PEOPLE v PARHAM

Docket No. 70365. Submitted January 10, 1985, at Detroit.—Decided
December 2, 1985. Leave to appeal applied for.

James R. Parham was driving his automobile in the City of
Detroit when he was stopped by Detroit police officers for
changing lanes without signaling. When one of the officers
approached Parham's vehicle and requested Parham's driver's
license and vehicle registration, he detected a slight odor of
alcohol and noticed that Parham's eyes appeared to be glazed.
The officer asked Parham to get out of his car so that field
sobriety tests could be performed. Parham complied. The officer
then conducted a pat-down search of Parham and found a
loaded pistol in Parham's pants pocket. Parham was arrested
and charged in Detroit Recorder's Court with illegal possession
of a pistol. At a hearing on defendant's motion to suppress the
evidence, the court, Justin C. Ravitz, J., ruled that the pat-
down search was unreasonable and that the search and seizure
were in violation of the Fourth Amendment and dismissed the
charge against Parham. The people appealed. Held:

In order for a pat-down search to be reasonable, the police
officer involved must reasonably conclude, under the factual
circumstances existing at the time, that criminal activity may
be afoot and that the person with whom he is dealing may be
armed and dangerous. At the time of the pat-down search in
this case, Parham was not under arrest, nor was there probable
cause for an arrest, and the officer involved had no suspicion
that Parham was armed; he conducted the pat-down search as
a routine precautionary measure for his personal safety. The
search and seizure in this case were unreasonable.

Affirmed.

M. J. KELLY, P.J., concurred on the ground that the suppres-
sion order was not clearly erroneous.

SEARCHES AND SEIZURES — PAT-DOWN SEARCHES — REASONABLENESS
OF SEARCHES.

A pat-down search of a person not under arrest is reasonable only

REFERENCES
Am Jur 2d, Searches and Seizures §§ 33, 41-45, 58, 103.
See the annotations in the ALR3d/4th Quick Index under Searches
and Seizures.

where, under the factual circumstances existing at the time of the search, the police officer involved reasonably concludes that criminal activity may be afoot and that the person with whom he is dealing may be armed and dangerous.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward Reilly Wilson*, Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*George E. Lee*, for defendant on appeal.

Before: M. J. KELLY, P.J., and GRIBBS and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Defendant was charged with carrying a pistol in a motor vehicle, MCL 750.227; MSA 28.424. After a hearing, the trial court suppressed the evidence and dismissed the case. The people appeal.

Defendant was operating his motor vehicle on a public street in the City of Detroit at approximately 11:30 in the evening when police officers observed him changing lanes without signaling, causing another driver to brake to avoid a collision. The police followed and pulled the vehicle over after observing defendant change lanes two additional times without signaling. One of the officers approached the vehicle and requested defendant's driver's license and vehicle registration. While doing this, the officer detected a slight odor of alcohol and noticed that the defendant's eyes appeared to be glazed. The officer decided to perform certain field sobriety tests on defendant and requested that he exit from the vehicle for this purpose. Defendant complied.

* Circuit judge, sitting on the Court of Appeals by assignment.

Prior to performing the tests, the officer conducted a pat-down search of defendant and found a loaded .22-caliber pistol in his pants pocket. Defendant passed the field sobriety tests to the officer's satisfaction, but was arrested and charged with illegal possession of the pistol.

At the hearing on the motion to suppress, the arresting officer testified that he saw nothing in defendant's actions or appearance that made him suspect that defendant was armed but that he conducted the pat-down search as a general precautionary measure. The trial court ruled that the pat-down search was an unreasonable search and seizure in violation of the Fourth Amendment. We agree.

Since at the time of the pat-down search, the defendant was not under arrest, nor was there probable cause for an arrest, our decision in this case is governed by the "stop and frisk" rules enunciated in *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), and its progeny. *Terry* requires the application of a two-pronged test: whether under the factual circumstances that existed at the time of the pat-down search the police officer 1) reasonably concluded that criminal activity may have been afoot, and 2) reasonably concluded that the person with whom he was dealing may have been armed and dangerous. In determining the reasonableness of these conclusions due consideration must be given, not to the officer's unparticularized suspicion or hunch, but to specific reasonable inferences which he is entitled to draw from the facts in light of his experience. *Terry, supra,* p 27. The police officer must be "able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous". *Sibron v New York,* 392 US 40, 64; 88 S Ct 1889; 20 L Ed 2d 917 (1968). No such facts

appear in the record. The officer testified that he made no observation which aroused his supicion that the defendant was armed, but merely conducted the pat-down search as a routine precautionary measure for his personal safety.

We find meritless the people's claim that their position is supported by *Pennsylvania v Mimms,* 434 US 106; 98 S Ct 330; 54 L Ed 2d 331 (1977), which on the contrary serves to underline the flaw in their case, In *Mimms,* after stopping a vehicle which was observed to have expired license plates, the police officer ordered the driver out of the vehicle. When the driver alighted, a large bulge in his coat was observed, which caused the police officer to suspect he was armed. Upon conducting a pat-down search, it was discovered that the driver was unlawfully in possession of a firearm. The Court held that once the police officer had legitimately stopped the vehicle he had the right, without more, to order the driver to exit from the vehicle and that the bulge in the jacket permitted the officer to reasonably suspect that he was armed and dangerous. The Court observed that under those circumstances, any person of reasonable caution would likely have conducted a pat-down search. It is the absence of any factual basis from which the police officer could reasonably suspect that the defendant was armed which distinguishes this case from *Mimms* and compels us to conclude that this search and seizure is unreasonable.

In so holding, we are mindful of the public interest in not requiring police officers to take unnecessary risks in the performance of their duties. *Terry v Ohio, supra,* pp 26-27. However, assessment of the reasonableness of police conduct depends on a balance between this public interest and the individual's right to personal security free

from arbitrary interference by law officers. *Pennsylvania v Mimms, supra.* Having applied this balancing test, we are convinced that police should be required to employ such other less intrusive measures as may be available for their own safety.

Affirmed.

GRIBBS, J., concurred.

M. J. KELLY, P.J. *(concurring).* I concur because I find no error in the trial court's ruling. The suppression order was not clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983).